IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| JANE DOE, et al. | ) | |
| | ) | |
| Plaintiffs, | ) | Case Number 1:15-cv-00026 (CRC) |
| v. | ) | |
| | ) | |
| GEORGETOWN UNIVERSITY, et al. | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANT GEORGETOWN UNIVERSITY'S RESPONSE TO MOTION OF
DEFENDANTS GEORGETOWN-SYNAGOGUE-KESHER ISRAEL CONGREGATION
AND THE NATIONAL CAPITAL MIKVAH., INC. TO CONSOLIDATE CASES AND
STAY PROCEEDINGS PENDING APPOINTMENT OF INTERIM CLASS COUNSEL
AND THE FILING OF A CONSOLIDATED COMPLAINT**

Defendant Georgetown University ("the University") takes no position on the merits of

the above-referenced motion ("motion to consolidate and stay"), which was filed on January 8,

2015 following removal of this case from the Superior Court of the District of Columbia by two

of the University's co-defendants.  The motion to consolidate and stay also follows the

December 18, 2014 filing of a second class-action case in Superior Court by a different plaintiff

(Jane Doe 2) represented by different lawyers against all three of the University's co-defendants

but not the University, which the motion to consolidate and stay seeks to join with this case.

The University is not a putative class-action defendant in either matter.  Instead, one of

the class-action plaintiffs in this case, Jane Doe ("Doe"), in addition to her class-action claims

against the University's co-defendants, has asserted individual claims against the University.

*None* of the issues on which the motion to consolidate and stay is premised pertains to the

University.

On January 13, 2015 the University filed a motion to dismiss all six claims Doe has

asserted against the University.  The motion to dismiss is based on Doe's failure to allege injury

and her resulting lack of standing under Fed. R. Civ. P. 12(b)(1), and on her failure to state a

claim for which relief may be granted under Fed. R. Civ. P. 12(b)(6).  Whatever happened here --

and of course the University does not condone or excuse the awful misconduct that has been

alleged against non-defendant Rabbi Bernard Freundel -- the University believes strongly that

Doe has not alleged anything against the University that would permit her to prosecute her

claims against it.  The University wishes to escape at the earliest possible time the burden --

financial and otherwise -- of defending itself against claims that should not have been brought

against it.

Thus the University respectfully suggests that whatever the Court decides in response to

the motion to consolidate and stay, the Court should *not* stay proceedings against the University

at this time but should instead consider and rule upon the University's motion to dismiss.  If the

Court decides to stay proceedings and if at least one of Doe's six claims against the University

survives the motion to dismiss, then of course the University should have the benefit of any stay

of proceedings that is in place while the class action and other procedural issues raised by the

University's co-defendants are resolved.

Dated: January 16, 2015                                   Respectfully submitted,


                                                          /s/  *William D. Nussbaum*
                                                          William D. Nussbaum (DC Bar # 941815)
                                                          wnussbaum@saul.com
                                                          Carolyn Due (DC Bar # 1001542)
                                                          cdue@saul.com
                                                          Saul Ewing LLP
                                                          1919 Pennsylvania Ave., NW, Suite 550
                                                          Washington, DC 20006
                                                          (202) 295-6652 telephone
                                                          (202) 295-6715 facsimile

                                                          *Counsel for Defendant Georgetown University*

## CERTIFICATE OF SERVICE

I hereby certify that, on this 16th day of January, 2015, a true and correct copy of the foregoing **DEFENDANT GEORGETOWN UNIVERSITY'S RESPONSE TO MOTION OF DEFENDANTS GEORGETOWN-SYNAGOGUE-KESHER ISRAEL CONGREGATION AND THE NATIONAL CAPITAL MIKVAH., INC. TO CONSOLIDATE CASES AND STAY PROCEEDINGS PENDING APPOINTMENT OF INTERIM CLASS COUNSEL AND THE FILING OF A CONSOLIDATED COMPLAINT** was served via the court's electronic filing system on:

Anne Toomey McKenna
Toomey McKenna Law Group, LLC
8 Montrose Avenue
Baltimore, MD 21228
*Counsel for Plaintiffs*

Steven J. Kelly
Silverman Thompson Slutkin White LLC
201 N. Charles Street, Suite 2600
Baltimore, Maryland 21201
*Counsel for Plaintiffs*

Paul Blankenstein
Maura McCormick Logan
Gibson, Dunn & Crutcher, LLP
1050 Connecticut Ave., NW, Suite 900
Washington, DC 20036
*Counsel for Defendant Georgetown Synagogue-Kesher Israel Congregation*

Edward Clark Bacon
Patricia Maureen Thornton
Bacon, Thornton & Palmer, LLP
6411 Ivy Lane, Suite 500
Greenbelt, MD 20770
*Counsel for Defendant National Capital Mikvah, Inc.*

*/s/ William D. Nussbaum*
William D. Nussbaum